```
                    UNITED STATES DISTRICT COURT
                    NORTHER DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

GARY SIMELTON,              )
    Plaintiff,          )
                        )
v.                          )      CAUSE NO.: 2:15-CV-33-TLS-PRC
                        )
PILOT FLYING J,             )
    Defendant.          )

## OPINION AND ORDER

This matter is before the Court on a letter [DE 43], filed, pro se, by Plaintiff Gary Simelton on December 5, 2016.

In a Title VII case, a court may, "in such circumstances as the court may deem just, . . . appoint an attorney for [a] complainant." 42 U.S.C. § 2000e-5(f)(1); *see also Johnson v. Dencek*, 868 F.2d 969, 970 (7th Cir. 1989). The Court considers three factors when determining whether to appoint counsel in a Title VII case: "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel." *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 500-01 (7th Cir. 1986) (citation omitted).

Any one of these factors may be determinative in a particular case. *See id.* at 501. For example, "if a discrimination claim lacks merit, counsel will not be appointed regardless of the plaintiff's diligence in seeking representation or lack of financial means," or "a plaintiff with a very strong case may be refused appointed counsel because he or she is able to pay for an attorney." *Id*. The Seventh Circuit Court of Appeals urges district courts to compile a complete record that reveals that the "Title VII plaintiff was informed of the requirements for appointment of counsel and was given an opportunity to attempt to satisfy those requirements." *Id*.

Accordingly, the Court now **NOTIFIES** the pro se Plaintiff of the three factors considered by the Court when determining whether to appoint counsel in a Title VII case: (1) the merits of the Plaintiff's claim, (2) the Plaintiff's diligence in attempting to obtain a lawyer, and (3) the Plaintiff's financial ability to retain counsel. *See Darden*, 797 F.2d at 500-01. The Court will address each factor and the additional information the Court requires from the Plaintiff in order to make a determination on her request for counsel.

First, regarding the merits of the Plaintiff's claim, the Seventh Circuit Court of Appeals has held that, "in cases in which a request for counsel is denied because of the claim's lack of merit, the record must reflect that the court gave the plaintiff an opportunity to give his or her version of the facts and to object to the EEOC's determination." *Id.* at 502. The appraisal of the merits of the plaintiff's claim may be based in part, but not solely, on the EEOC's finding of "no reasonable cause" as well as the EEOC investigative file. *Id.* at 501. Therefore, the Court **ADVISES** Plaintiff that, for the Court to reach a decision on the merits of a motion to appoint counsel, he must provide the Court with a copy of the EEOC investigative file for his charge of discrimination related to his claim in this case. If the motion is refiled, after the Court has had an opportunity to review the EEOC investigative file, the Court will hold a hearing to conduct a "brief oral examination of the plaintiff." *Id.* at 501.

For the second factor—the Plaintiff's diligence in attempting to obtain a lawyer—the Plaintiff indicates that he has "contacted many of the attorneys in Indiana and Illinois and has not been able to afford the fees." The Court finds that the Plaintiff has not demonstrated to the Court an attempt to contact a sufficient number of attorneys in Lake and Porter Counties in Indiana who practice employment law. Many attorneys and firms in Lake and Porter Counties represent plaintiffs

in employment discrimination cases, and some may do so without requiring payment at the outset. Therefore, for this second factor, the Court **ADVISES** Plaintiff that, for the Court to reach a decision on the merits of a motion to appoint counsel, he must provide the Court with further evidence that he has contacted a sufficient number of attorneys who practice in this District **and** who represent plaintiffs in employment discrimination cases. The Court further **ADVISES** the Plaintiff, in any future motion to appoint counsel, to specifically list at least seven firms and/or attorneys who represent plaintiffs in employment discrimination cases in this District that have declined to represent him and the specific basis expressed by that attorney and/or firm for declining to represent him.

As to the third factor, the Court finds that the Plaintiff has provided sufficient information from which to assess his financial ability to retain counsel. In any future motion, Plaintiff need not provide any further information than that presented in the two applications to proceed without prepaying fees but he should provide updated information if there are any changes to his finances since the last filing on July 20, 2016.

Accordingly, the Court now **DENIES without prejudice and with leave to refile** the letter [DE 43] and **GRANTS** Plaintiff up to and including **January 20, 2017**, for Plaintiff to file a Motion for Appointment of Counsel consistent with this Opinion and Order.

The Court **ORDERS** that briefing on the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37 and 41 [DE 44] is hereby **STAYED** pending resolution of Plaintiff's request for appointment of counsel.

SO ORDERED this 19th day of December, 2016.

        s/ Paul R. Cherry  
        MAGISTRATE JUDGE PAUL R. CHERRY  
        UNITED STATES DISTRICT COURT

cc:    Pro se Plaintiff